```
         IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                    *

FIRST GUARANTY MORTGAGE           *
CORPORATION
                                  *
     Plaintiff,
v.                                *    CIVIL NO.: WDQ-03CV-3259

JOHN BRYANT, et al.,              *

     Defendants.                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

First Guaranty Mortgage Corporation ("FGMC") sued 16
Defendants for violations of the Racketeer Influenced and Corrupt
Organizations Act.[1]  Pending are motions to dismiss the First
Amended Complaint, or in the alternative, for summary judgment
filed by Conroy, Ballman & Dameron, Chartered ("Conroy Ballman"),
Monica Silver ("Silver"), Brendan Reilly ("Reilly"), and Richard
Minor ("Minor").  For the following reasons Conroy Ballman's
motion to dismiss will be granted, and the remaining motions to
dismiss will be denied.


I.  Background

     FGMC is a corporation in the business of originating and
brokering residential mortgage loans.  Am. Compl. at ¶ 21.  To
make loan decisions, FGMC relies on representations of several

---

[1] See 18 U.S.C. §§ 1961, et seq. (2005).

1

sources, including mortgage brokers, loan officers, real estate
brokers, real estate appraisers, real estate attorneys, and
mortgage applicants. *Id*. at ¶ 22. FGMC alleges damage from a
real estate "flipping"[2] scheme where FGMC issued loans in excess
of the value and sales price of properties in Maryland as a
result of illegal activities and false documentation submitted by
the Defendants to FGMC. *Id*. at ¶ 23. FGMC sued the following 16
Defendants.

John Bryant ("Bryant"); Bryant's business Bryant
Enterprises, Inc.; Bryant's wife, Monica Silver ("Silver"); HRT
Enterprises, Inc. trading as ReMax and ReMax Professionals, a
real estate brokerage firm where Silver is employed as a real
estate agent; R&M Appraisal Services, L.L.C., an appraiser for
mortgage loan qualification; Ronald Brvenik, a principal with
R&M; three former FGMC loan processors/officers: Valerie Borders
("Borders"), Brendan Reilly ("Reilly"), and Richard Minor
("Minor"); Conroy Ballman, a law firm; Lynn Kromminga
("Kromminga"), a former attorney with Conroy Ballman; Scott Davis
("Davis"), Jervis Bryant ("J. Bryant"), and Eric Patterson, who

---

[2] Allegedly, Defendants would identify individuals with poor credit ratings and offer
them the opportunity to purchase a home. The Defendants allegedly prepared false
documentation, obtained fraudulent appraisals, and falsely inflated the true value of the
properties as a means of securing loans through FGMC. Defendants allegedly would then use
the proceeds from the loans to pay for the properties that were sold to new buyers. *See* Am.
Compl. at ¶ 23.

acted as "straw purchasers"[3] and/or falsified documents; and two
real estate settlement services, Beltway Title & Abstract, Inc.
and Brennan Title Company.  *Id.* at ¶¶ 2-17.  These proceedings
were stayed pending resolution of the criminal action, *U.S. v.
Bryant, et al.*, No.: 8:03-cr-00302-AW-ALL (D. Md. 2005), in which
Bryant, Silver, Reilly, Kromminga, Davis, J. Bryant, and Borders
were charged with crimes related to the real estate flipping
scheme.[4]

FGMC alleges in this civil action that the various real
estate flipping schemes caused damage to its business.  FGMC
asserts various torts, breach of contract, and RICO violations
against the defendants[5] and seeks damages in excess of $1 million
dollars.


II.  Analysis

A.  Defendants' Motions to Dismiss

Under Rule 12(b)(6), a motion to dismiss should be granted
"only if it is clear that no relief could be granted under any

---

[3] A "straw purchaser" is one who is not intended as the real buyer of property.  *See U.S.
v. 72.71 Acres of Land*, 23 F.R.D. 635, 638 (D. Md. 1959).

[4] Bryant, Silver, Reilly, Kromminga, Davis, and Borders were charged with conspiracy
and aiding and abetting.  Bryant was also charged with wire fraud and aiding and abetting.  J.
Bryant was charged with false statements relating to HUD insured loans and aiding and abetting.

[5] FGMC asserts negligence and breach of contract claims against Conroy Ballman and
RICO violations, fraud and negligent misrepresentation, and civil conspiracy counts against
Silver, Reilly, and Minor.

set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).   All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.   *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.   *Id*.


1. Negligence

Conroy Ballman argues that the illegal acts of FGMC's employees, including Borders and Reilly, are imputed to FGMC; therefore, any negligence claim against Conroy Ballman is barred by the doctrine of contributory negligence.   FGMC contends that Conroy Ballman's liability depends on its own conduct and that of its former employee, Kromminga, and is not contingent on the actions of any FGMC's employees.

An employee's tortious acts are within the scope of his employment if (1) the acts were in furtherance of the employer's

4

business; and (2) were "authorized" by the employer.  *Sawyer v. Humphries*, 322 Md. 247, 255, 587 A.2d 467, 470 (Md. 1991).  To be within the scope of employment, the conduct must be of the type the employee is hired to perform.  *Id*. at 255, 471.  In determining whether the conduct is within the scope of employment, factors considered include whether the act is commonly done by employees, whether the employer had reason to expect that such an act would be done, and whether the act is seriously criminal.  *Id*. at 256, 471.  An important factor is whether the employee's conduct was foreseeable.  *Id*. "Authorized" actions does not mean expressly conferred authority, but whether the act was incident to the performance of duties entrusted to the employee.  *Id*. at 255, 470.

It is undisputed that two of FGMC's employees, Borders and Reilly, in their positions as a loan processor and loan officer respectively at FGMC, were found guilty of criminal conspiracy and aiding and abetting in the real estate flipping schemes.  The crimes committed by Borders and Reilly are imputed to FGMC under the theory of respondeat superior.  An employer is responsible for an employee's wrongful conduct when committed within the scope of his employment and in furtherance of the employer's business, even if the conduct was committed in a wrongful or forbidden manner.  *Stratton v. Sacks*, 99 B.R. 686, 694 (D. Md. 1989)(*citing Cox v. Prince George's County*, 296 Md. 162, 171, 460

5

A.2d 1039 (Md. 1983)).

FGMC argues that the determination of the scope of employment and conduct imputed to an employer is a question of fact that cannot be resolved by a dispositive motion. However, when there is no factual dispute and only one reasonable inference may be drawn from the facts, the issues regarding scope of employment and imputed conduct may be resolved as a matter of law. *Id*. at 694-695. FGMC originates and brokers residential mortgage loans. Borders and Reilly were criminally charged for the abuse of their positions as a loan processor and loan officer. Borders and Reilly were acting within the scope of their employment and in furtherance of FGMC's business when they committed their criminal acts.

"The contributory negligence of an agent acting within the scope of his power to bind his principal by his conduct bars the principal from recovery against a third person to the same extent as if the principal had been negligent." *Sanders v. Rowan*, 61 Md. App. 40, 484 A.2d 1023 (Md. Ct. Spec. App. 1984)(*quoting Restatement of Torts 2d* § 317). The acts of Borders and Reilly are imputed to FGMC, and contributory negligence bars FGMC from recovery from Conroy Ballman. *See Stratton v. Miller*, 113 B.R. 204, 210 (D. Md. 1989)(law firm not liable for its own negligence because the negligence of the plaintiff also contributed to the cause of loss).

2.  Breach of Contract

FGMC's negligent breach of contract claim against Conroy
Ballman is also barred by its contributory negligence.  *See*
*Stratton v. Sacks*, 99 B.R. 686, 692 (D. Md. 1989)(contributory
negligence bars negligence and breach of contract claims).


3.  RICO Violations

FGMC has sued Defendants Silver, Reilly, and Minor for RICO
violations.  FGMC seeks civil damages through 18 U.S.C. §
1964(c), which requires (1) an injury to business or property;
(2) caused by racketeering activity. *Thomas v. Ross & Hardies*, 9
F. Supp. 2d 547, 559 (D. Md. 1998).  These Defendants argue that
because FGMC has failed to allege a basis for damages, its RICO
claim fails.  FGMC's allegation in the Amended Complaint that its
business has been damaged by the racketeering activity is
sufficient to withstand this motion to dismiss.


4.  Fraud and Negligent Misrepresentation

Defendants Silver, Reilly, and Minor adopt the arguments
raised by Conroy Ballman, asserting that contributory negligence
bars FGMC's allegations of fraud and negligent misrepresentation.
Contributory negligence is not a defense to a claim of fraud;
therefore, FGMC's allegations of fraud withstand the motions to
dismiss. *Equitable Trust Co. v. G&M Construction Corp.*, 544 F.

Supp. 736, 745 (D. Md. 1982).


5.  Civil Conspiracy

    Defendants Silver, Reilly, and Minor adopt the arguments

raised by Conroy Ballman, asserting that contributory negligence

bars FGMC's allegations of civil conspiracy to defraud.  Silver

also raises the argument that FGMC was a co-conspirator in the

illegal acts of its employees, and thus, cannot recover under an

allegation of civil conspiracy.  Leaving aside the issue whether

a corporation may conspire with its officers or employees, FGMC's

denial that it was a co-conspirator and the reasons stated above,

are sufficient to deny the motion to dismiss the civil conspiracy

allegations.


                            CONCLUSION

    For the reasons discussed above, Conroy Ballman's motion to

dismiss will be granted, and the remaining motions to dismiss

will be denied.


<u>December 19, 2005</u>              _____/s/_____
Date                           William D. Quarles, Jr.
                               United States District Judge